IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Guvonda Manuel,<br><br>    Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br><br>    Defendant. | Case No. 23 C 241<br><br>Hon. LaShonda A. Hunt |

### ORDER

Plaintiff Guvonda Manuel initiated this action in state court under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). After the defendant credit reporting agencies removed the case to federal court, Plaintiff filed a Motion to Remand [10]. Defendant Experian Information Solutions, Inc.[1] subsequently filed a Motion to Dismiss Plaintiff's Complaint [27]. For the reasons discussed below, Plaintiff's motion to remand is granted, and Defendant's motion to dismiss is denied as moot.

### STATEMENT

According to Plaintiff's complaint, she[2] incurred debts with certain creditors that went into default and were acquired by other entities. (Compl. ¶¶ 17-19, 32-33, Dkt. 1-2). Upon reviewing her credit report, Plaintiff discovered that information pertaining to those debts, such as the balance, first delinquency date, opening date, and status date, was being reported inaccurately. *(Id.* ¶¶ 19, 34). In September 2022, Plaintiff, through counsel, sent a letter to Defendant pointing out these inaccuracies and asking Defendant to investigate and/or remove the erroneous information. *(Id.* ¶¶ 20-28, 35-41). Notwithstanding Defendant's receipt of the dispute letter and supporting documentation, Plaintiff claims that Defendant has neither conducted a reasonable investigation nor corrected the derogatory information. *(Id.* ¶¶ 29-31, 42-44).

Plaintiff asserts that "[a]n incorrect balance makes [her] appear more indebted than [she] actually [is], impacting [her] ability to access credit and receive the most advantageous rates." *(Id.* ¶ 23). Furthermore, "an incorrect status date makes the [a]ccount appear more recently in collection status than it actually is." *(Id.* ¶ 27). Consequently, Plaintiff filed suit in the Circuit Court of Cook County for unreasonable investigation in violation of the FCRA, and sought actual damages, statutory damages, and costs and attorney's fees. In the Notice of Removal, Defendant

---

[1] Plaintiff originally sued Equifax Information Services, LLC and Trans Union, LLC too, but the parties have since stipulated to dismissal of all claims against those defendants with prejudice. (*See* Dkts. 37, 42).

[2] In the complaint and the motions, the parties refer to Plaintiff by different pronouns—his, their, and her. For the sake of consistency, the Court uses "her" in this order, which is the term most frequently referenced in the motions. No disrespect is intended if that is not Plaintiff's preferred pronoun.

asserts that "[a]s alleged, the suit falls within the FCRA" which is the basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. (NOR at ¶ 3, Dkt. 1).

Under 28 U.S.C. § 1441(a), removal is proper only when a case could originally have been filed in federal court. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). *Id.* at 897. Courts presume that a plaintiff's choice of forum is proper and valid and resolve all doubts regarding jurisdiction in favor of remand. *Shalabi v. Huntington Nat'l Bank*, No. 01 C 2959, 2001 WL 777055, at *1 (N.D. Ill. July 11, 2001) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). The party invoking federal jurisdiction bears the burden of establishing all elements of jurisdiction, including Article III standing. *Collier*, 889 F.3d at 896; *accord Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021) ("The party that wants the federal forum is the one that has the burden of establishing the court's authority to hear the case.").

At the pleading stage, the Court is "limited to the complaint's 'general factual allegations of injury resulting from the defendant's conduct' to evaluate standing." *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). In considering a motion to remand, the factual allegations in the complaint are accepted as true, and all reasonable inferences from those facts are drawn in favor of the plaintiff. *Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *1 (N.D. Ill. Aug. 30, 2012). Here, Plaintiff argues that Defendant cannot meet its burden of proving that federal question jurisdiction is proper because the complaint is devoid of facts to support Article III standing.

To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief. *Thornley*, 984 F.3d at 1244 (quoting *Thole v. U. S. Bank N.A*, 590 U.S. 538, 540 (2020)). "A plaintiff must show an injury under Article III beyond just a statutory violation." *Foster v. PNC Bank, Nat'l Ass'n*, 52 F.4th 315, 322 (7th Cir. 2022); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."). Significantly, "[a] mere reference to 'actual damages' in the complaint's prayer for relief does not establish Article III standing." *Collier*, 889 F.3d at 896.

Defendant concedes that Plaintiff's complaint does not allege an actual injury but nonetheless contends that dismissal with prejudice—not remand—is warranted because Plaintiff "purposely fail[ed] to plead specific allegations of harm or injury" to avoid removal and engage in forum shopping. (Def.'s Resp. at 2, Dkt. 25). The Court is not persuaded. The Seventh Circuit recognized that plaintiffs may intentionally omit certain allegations about harm or injury in order to remain in state court. In *Thornley*, the plaintiffs in a putative BIPA class action "described only a general, regulatory violation, not something that is particularized to them and concrete." 984 F.3d at 1248. The Seventh Circuit explained that it was "no secret to anyone that [the plaintiffs] took care in their allegations . . . to steer clear of federal court. But in general, plaintiffs may do this. As long as their allegations are in good faith . . . they may choose to rely exclusively on state

law and avoid federal-question jurisdiction. And here, they may take advantage of the fact that Illinois permits BIPA cases that allege bare statutory violations, without any further need to allege or show injury." *Id*. at 1248-49; *see also Collier*, 889 F.3d at 897 (denying defendant's request to require plaintiff to amend the complaint to support a conclusory request for actual damages). In other words, artful pleading is generally allowed.

Undeterred, Defendant asks the Court to hold an evidentiary hearing to determine the basis of Plaintiff's request for actual damages, citing *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020). In *Bazile*, the plaintiff filed an original suit in federal court alleging that the defendant violated the Fair Debt Collection Practices Act. The defendant "challenged the truth of the jurisdictional facts underlying [plaintiff's] allegations," which necessarily called into question whether the plaintiff suffered a cognizable harm. *Id.* at 281. In that situation, the Seventh Circuit held that "the appropriate mechanism to resolve factual disputes about standing is an evidentiary hearing on the defendant's motion to dismiss under Rule 12(b)(1)." *Id*. at 277. *See also Hemmings v. Barian*, 822 F.2d 688, 693 (7th Cir. 1987) ("[I]f jurisdiction is alleged and a question is raised—either by a party or as here by the district judge on his own initiative—about the truth of the allegation, the proper course is not to dismiss outright but to determine whether federal jurisdiction in fact exists."). Unlike *Bazile,* the parties here agree that Plaintiff has not alleged facts to support a finding of a harm or injury sufficient to confer Article III standing. Indeed, Defendant countered Plaintiff's remand motion with a Rule 12(b)(6) motion for failure to state a claim. Thus, there is no factual dispute over subject matter jurisdiction for the Court to adjudicate. *See also Buitron v. Trans Union, LLC*, No. 22 C 2564, Dkt. 31 (N.D. Ill. Nov. 11, 2022) (where the district court found the FCRA allegations were "insufficient to supporting standing. . . no hearing is necessary to determine that based on [the plaintiff's] pleading there is no concrete injury alleged."). As such, the Court declines the invitation to look beyond Plaintiff's allegations to determine if some harm or injury exists and was purposefully not alleged.

Alternatively, Defendant requests that, if the case is remanded, the Court's order should include a finding that Plaintiff has disclaimed the existence of any actual damages. But such an instruction would be improper. "Federal courts do not adjudicate hypothetical or abstract disputes. . . .publicly opine on every legal question . . . .[or] issue advisory opinions." *Ramirez*, 594 U.S. at 423-424. *See also Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016) ("I am not inclined to resolve an issue that is not actually in dispute, solely for the purpose of advancing, in some advisory fashion, an argument defendant may wish to make in state court."); *Hossain v. Trans Union, LLC*, No. 22 C 5541, 2022 WL 14058958, at *5 (E.D.N.Y. Oct. 24, 2022) (denying the defendant's request that remand order indicate that the plaintiff abandoned any claim for actual damages because it was not reasonably obvious that the plaintiff was attempting to defeat federal jurisdiction by not clearly alleging a concrete injury).

Turning to Defendant's motion to dismiss for failure to state a claim, Defendant maintains that Plaintiff failed to plead actual damages, which is a required element of Plaintiff's FCRA claim. That argument is a nonstarter. The law is clear that where federal courts lack jurisdiction, the case must be remanded, rather than dismissed. *See Collier*, 889 F.3d 897 (vacating dismissal because "§ 1447(c) required the district court to remand this case to state court because it does not satisfy Article III's requirements."); *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) (finding case was dismissed in error because "the district court lacked

subject-matter jurisdiction and was required under § 1447(c) to remand the claim to the state court from which it was removed."); *McIntyre v. Fallahay*, 766 F.2d 1078, 1082 (7th Cir. 1985) ("If the case did not belong in federal court at all, it should be remanded rather than dismissed.").

Finally, Plaintiff seeks an award of attorney's fees and costs associated with these motions because Defendant had no objectively reasonable basis for removing the case to federal court or moving for dismissal with prejudice. Under Section 1447(c), a court may order the payment of just costs, including attorney's fees, as part of its remand order. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Under similar circumstances, the district court in *Mocek* entered an award of attorney fees for plaintiff because the "defendant tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than the remand required by § 1447(c)." 220 F. Supp. 3d at 914.

As in *Mocek*, this Court believes that Defendant unnecessarily delayed and multiplied these proceedings. Defendant removed the case because Plaintiff's claim arose under federal law. However, once Plaintiff moved to remand, Defendant conceded the complaint allegations did not contain the necessary facts to demonstrate subject matter jurisdiction but still opposed remand *and* requested remedies that none of its cited legal authorities authorized. Then, even after Defendant admitted to having no colorable defense to Plaintiff's jurisdictional arguments, Defendant chose to double down with a motion to dismiss *with prejudice* under Fed. R. Civ. P. 12(b)(6), because Plaintiff did not plead additional details about damages.

Such a "dubious strategy" that "result[s] in a significant waste of federal judicial resources" is improper. *Collier*, 889 F.3d at 897.[3] That said, the Court recognizes that standing remains a hotly debated topic in federal question cases since the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). *See e.g., Pierre v. Midland Credit Mgmt., Inc.*, 36 F.4th 728, 730 (7th Cir. 2022) (Hamilton, J., dissenting from denial of *en banc* rehearing) ("*Spokeo* left plenty of room for debate about standing under consumer-protection statutes."). And here, Plaintiff's complaint arguably includes allegations of intangible harms that could fall within the broad range of concrete injuries delineated in *Spokeo* and *Ramirez*. (*See* Compl. ¶¶ 23, 27). For those reasons, the Court declines to award Plaintiff attorney fees and costs for improper remand.

In sum, because the complaint does not satisfy Article III standing requirements, Plaintiff's Motion to Remand [10] is granted and Defendant's Motion to Dismiss [27] is denied as moot.

---

[3] In *Collier*, the Seventh Circuit dispensed with the arguments raised by Defendant here. First, if Plaintiff amends the complaint in state court to allege an injury in fact, Defendant can remove under 28 U.S.C. § 1446(b)(3). Second, a suit cannot be dismissed for lack of jurisdiction *and* dismissed with prejudice, as the latter is a disposition on the merits which only a court with jurisdiction may render. Third, dismissal with prejudice is a harsh sanction under Fed. R. Civ. P. 41(b) which is not warranted simply because Plaintiff opts not to amend damages allegations in a complaint.

**DATED**: July 16, 2024                  **ENTERED**:

                                          */s/ LaShonda A. Hunt*

                                          LASHONDA A. HUNT
                                          United States District Judge